SCHRADE v. CAMILLUS CUTLERY CO. et al.

(District Court, N. D. New York. May 29, 1917.)

1. Patents ⬅271, 310(1)—Infringement—Actions—Pleading.

The pleadings in an action, whether in equity or at law, should be so plain, specific, definite, and certain that the court may know, on inspection thereof, whether the suit is for infringement of letters patent or merely for damages for the breach of a contract relating to such patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 414-416, 507–514, 519.]

2. Pleading ⬅54—Reference from One Cause of Action to Another.

While the allegations of one cause of action may be made a part of other causes of action without repeating them, they must be specifically referred to and stated to be made a part of such causes of action, as though fully set out therein.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 118.]

3. Patents ⬅191—Rights of Patentees.

A patent gives to the patentee and his assignees the exclusive right to make, use, and vend the patented article or thing.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 268.]

4. Patents ⬅256—Infringement—Effect of License.

A licensee has the right to do the specific thing his license says he may do by way of making, using, and vending, and the licensee may infringe the patent, if he goes beyond the granted privilege.

5. Patents ⬅310(1)—Infringement of Licensee—Pleading.

In a patentee's suit against a licensee with limited rights for infringement, it is proper to allege the patent, the license, the extent and limitations of the license, and the doing of acts constituting infringement not warranted or authorized by the license, and that by doing such acts the patent is infringed; but it should be made clear that infringement of the patent and of the patentee's rights thereunder are claimed and relied on.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507-514, 519.]

6. Patents ⬅310(1)—Infringement by Licensee—Pleading.

In a suit for infringement against a licensee, who was granted only the right to use the machine, and who agreed that he would not violate or infringe the patent, the bill of complaint alleged as a second cause of action that defendants had set up and used infringing machines in the same factory in which the licensed machine was used, and had caused the work done by such infringing machines to be mixed and confused with that done by the leased machine, and had not reported correctly the work done by the patented mechanism, and had diverted work from the licensed machine to the infringing machines, to plaintiff's damage in an amount which he was unable to state, but prayed a discovery thereof, and that plaintiff had requested a verified statement of the amount of work done on the licensed machine, but that defendants had neglected and refused to furnish it. As a third cause of action it alleged that defendants, in violation of the license, had assisted designing persons in an opportunity to examine and copy the leased machine, for the purpose of making infringing machines for defendants' use, and had aided and abetted others in making and selling the infringing machines, and that such acts were not only in violation of the agreement, but in violation of plaintiff's rights by aiding and inducing others to infringe the patent. *Held* that, if it was intended, as claimed, to plead three causes of action for infringement because the rule of damages might differ as to each, such causes of action were incomplete, defective, and equivocal, as each cause

of action should be complete in itself, with appropriate allegations as to damages for the infringement, and there should be no claim for damages for a breach of the agreement aside from the infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–514, 519.]

In Equity. Bill by George Schrade against the Camillus Cutlery Company and others. On motion to dismiss certain causes of action. Motion granted conditionally.

This is a motion by defendants to dismiss the second and third alleged causes of action, set forth in the bill of complaint, on the ground that, as complainant and defendants are and are alleged to be citizens of the state of New York and such causes of action are for mere breaches of contract, this court has no jurisdiction thereof.

A. Bell Malcomson, of New York City, for plaintiff.
McGowan & Stolz, of Syracuse, N. Y. (Benj. Stolz, of Syracuse, N. Y., of counsel), for defendants.

RAY, District Judge. [1] The pleadings in an action, whether in equity or at law, should be so plain, specific, definite, and certain that the court may know on inspection thereof whether the suit is for infringement of letters patent, or merely to recover damages for the breach of a contract relating to such patent.

[2] This bill of complaint contains three alleged causes of action, but the second and third causes of action are incomplete and defective, in that of themselves they allege no cause of action whatever, unless we read into them parts of the first cause of action. They make no reference to the first cause of action, and do not state that any of the allegations of such first cause of action, specifying them, are made a part of the second and third causes of action as though fully set out therein. This may be done without repeating the allegations of the first cause of action, if the allegations of the prior causes of action are specifically referred to and stated to be made a part of the second and third causes of action, as though fully set out therein. This defect may be cured in this case by suitable amendments. But the motion goes further than this, and claims that the second and third causes of action on their face are merely for damages for a breach of agreement or contract relating to such contract while the first cause of action is to enjoin alleged infringement of the patent.

[3-5] United States letters patent gives to the patentee and his assignees the exclusive right to make, use, and vend the patented article or thing. A licensee has the right to do the specific thing his license says he may do by way of making, using, and vending. Such licensee may infringe the patent, if he goes beyond his granted privileges, and hence it is proper, in alleging infringement of a patent by a licensee (with limited rights), to allege the patent, the license, and the extent and limitations of such license, and the doing of acts constituting infringement, not warranted or authorized by such license, and that by doing such acts the patent is infringed. However, it should be made clear that infringement of the patent and of the patentee's rights thereunder are claimed and relied on.

The paragraphs of the bill of complaint numbered I and II set out the residence and citizenship of the parties. Paragraph III reads as follows:

"That this action is brought to restrain the infringement of letters patent of the United States granted to the plaintiff and for violation of the plaintiff's rights under said letters patent contained in agreements with relation thereto entered into by defendants and an accounting and recovery of damages arising from said infringement and such violation of agreements."

The paragraphs numbered IV to X, inclusive, set out the patent in suit, and an agreement (Exhibit A) which leases to and licenses the defendant to use one specific machine and no more, the licensee to do certain things and render certain accounts, and also charges infringement by defendants, in that they have made and used and are still using other machines than the one mentioned in Exhibit A and leased thereby.

Paragraphs XI and XII read as follows:

"XI. As a second and separate cause of action, that the defendants have jointly and collusively made, set up, and used two of the aforesaid infringing machines in the same factory in which is used the machine of plaintiff, licensed for use and leased, under the terms of the agreement (Exhibit A), and as plaintiff is informed and believes have caused the work done by said infringing machines to be mixed and confused with work done by said leased machine, and have not reported correctly the work done by the patented mechanism of the leased machine, and have collusively and wrongfully diverted work from said licensed machine mentioned in Exhibit A to the aforesaid infringing machines, to the injury and damage of plaintiff, but to just what amount plaintiff is unable to state, but prays a discovery thereof.

"XII. That plaintiff has requested in writing that the defendants furnish him with a verified statement of the amount of work done by defendants on the machine licensed and leased to them, in accordance with the provisions of the agreement (Exhibit A), but defendants have neglected and refused to furnish him with such verified statement."

Paragraphs XIII and XIV read as follows:

"XIII. As a third cause of action plaintiff alleges on information and belief that defendants, in violation of their agreement (Exhibit A), have afforded and assisted designing persons in an opportunity to examine and copy the machine leased to them under the agreement (Exhibit A), for the purpose of making infringing machines for defendants' use containing the patented mechanism of the said leased machine, and have aided and abetted others in making, offering, and selling such infringing machines to persons using plaintiff's patented machines under license from him and other prospective licensees of plaintiff, and contributed to such other infringements.

"XIV. That the said last recited acts of defendants have been not only in violation of their agreement with plaintiff, but in violation of plaintiff's rights by abetting, aiding, and inducing others to infringe and violate plaintiff's exclusive rights under his said letters patent, greatly to the damage of plaintiff, amounting to the sum of at least $10,000, as plaintiff is informed and believes."

The agreement, Exhibit A, made a part of the bill of complaint, makes the compensation for the use of the licensed machine dependent on the earnings of such machine and the rendering of a proper and honest account thereof. The diversion of work from such licensed machine to other and to infringing machines is a violation of the defendants' contractual obligations, as is the failure to render an account as

required by the agreement. The license agreement referred to contains the following:

"The lessee agrees that he will not in any way violate or infringe or contest the validity of the letters patent, or patents which may be granted under which he is hereby licensed, or the sufficiency of their specifications or the validity of the title of the lessor to said patent."

And also this:

"The following are also agreed to by the parties as conditions of this lease and license: (a) That the power conveyed by this lease and license is only the right to use the said machine, and not the right to make or sell any machine embodying the inventions as aforesaid, or any of them."

[6] On the hearing of this motion to strike out the second and third alleged defenses, the complainant insisted that it was not intended to set up a cause of action to recover damages for a breach of the agreement referred to, but three causes of action for infringement of the patent, and that three causes of action were set up, as the rule of damages might differ as to each, and that in the pleading the one infringement of the patent and the facts showing the proper rule of damages applicable under the facts stated should not be confounded with the facts applicable to the others.

Assuming this to have been and to be the intent of the pleader, each cause of action should be complete in itself, with appropriate allegations as to damages for the infringement charged, and there should be no claim for damages for a breach of the agreement aside from the infringement of the patent. No reason is discovered why the whole matter might not have been alleged in one cause of action, as the acts of infringement seem to have formed one continuous and connected series of acts. However, this may not be so in fact.

The third cause of action seems to indicate a charge that defendants have given to other and third persons access and an opportunity to examine the leased machine for the purpose of copying same and making infringing machines, and have aided and abetted such other persons in making, offering for sale, and selling such infringing machines to others, who are using complainant's patented machines under a license from complainant, and also to prospective licensees of complainant, and by such acts have been guilty of contributory infringement. These acts are alleged to have been done in violation of the written agreement, as well as in violation of the complainant's rights secured by the letters patent. This third alleged cause of action as a whole seems to be intended as a charge of infringement in the mode pointed out. But both the second and third causes of action, as stated, are incomplete, defective, and equivocal in the respects stated.

The second and third causes of action are stricken out, unless, on payment of $10 costs of this motion, the complainant within ten days amends same, so as to make them complete, and more specific and definite and certain, and such as to show a cause of action for infringement, and not one for mere breach of contract.

The defendant has the right to know what the charge is that he is called upon to meet.