## J. F. ROWLEY CO. v. ROWLEY.

Circuit Court of Appeals, Third Circuit.
February 15, 1927.

Rehearing Denied March 8, 1927.

No. 3569.

**1. Patents ⟠191—Buyer of patented appliance may use and sell it as he pleases without infringing patent.**

When patented appliances are bought and paid for they pass out of monopoly of patent, and may be used and sold by buyer as he pleases, since owner of patent having once received royalty cannot treat subsequent seller or user as infringer.

**2. Patents ⟠216—Defendant cannot induce customers to return brother's product and use it in making new artificial legs after contract under which he handled brother's product expired.**

Defendant, who acquired right to handle artificial legs made by brother for 10 years, should be enjoined at expiration of period from inducing customers to trade in limb suspenders and back checks, and using them in new artificial legs.

**3. Patents ⟠294—Courts must balance benefit and probable injury with caution before granting preliminary injunction in infringement suit.**

Before granting preliminary injunction in suit for infringement of patent and unfair competition, courts must balance benefit and probable injury with caution against hazard of doing injustice that cannot later be cured.

**4. Patents ⬤301(4)—Owner of patent about to expire held entitled to preliminary injunction to restrain unlawful use of product by brother.**

Owner of patent *held* entitled to preliminary injunction to prevent unlawful use of product by brother after expiration of period in which brother was permitted to handle such product, where patent would expire in a few months.

**5. Patents ⬤216—After expiration of period in which defendant handled artificial legs made by brother, he cannot have parts manufactured similar to those patented by brother and put them in new legs.**

Defendant, who acquired right to handle artificial legs made by brother for 10 years, should be enjoined at expiration of period from having metal parts manufactured which, when assembled, constituted back checks patented by brother, and from incorporating them in new legs.

Suit by the J. F. Rowley Company against Albert T. Rowley, doing business under the style and firm name of Albert T. Rowley Company. A preliminary injunction was refused, and plaintiff appeals. Reversed, with directions.

Walter F. Boye and Wm. R. Rummler, both of Chicago, Ill., and Cornelius D. Scully, Harold K. Brooks, and Thomas M. Benner, all of Pittsburgh, Pa., for appellant.

H. F. Stambaugh, Owen S. Cecil, Edward A. Lawrence, and Watson & Freeman, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. If it is not the last, this is the latest, dispute between members of the Rowley family in respect to making and selling artificial legs. For the litigious history of this long conflict, in so far as it is reported, we refer to J. F. Rowley Co. v. Rowley (C. C.) 154 F. 744; Rowley v. J. F. Rowley Co. (C. C. A.) 161 F. 94; and particularly to J. F. Rowley Co. v. Rowley and Rowley v. J. F. Rowley Co. (C. C. A.) 18 F. (2d) 700, this day decided. For the genesis of the instant controversy we refer to the statement of facts made in our opinion in the case last cited. Reference is there made to a contract between the J. F. Rowley Company and Albert T. Rowley whereby, inter alia, the company authorized Albert to make Rowley legs and sell them under its name, and wherein the company engaged to sell and Albert to buy exclusively from the company the patent-

18 F.(2d)—45

ed leg parts through the contract period of ten years.

Of the many inventions entering into the Rowley leg, for which patents have been granted J. F. Rowley and by him assigned to the company, there is one covered by Letters Patent No. 961,165 issued June 14, 1910, for an artificial limb suspender and back check. This arrangement consists of a metal back check on whose top are mounted two metal side plates, supporting a roller or pulley. A cord is passed between the side plates and over the roller, and each end of the cord is carried through holes in the walls of the thigh section of the leg. Attached to one of the ends is a suspender which extends up over the shoulder of the wearer. This enables the wearer by a slight movement of the shoulder to flex the knee in walking. It is perhaps the most important patented mechanism that enters into the Rowley leg. The validity of the patent has been sustained by the Court of Appeals of the District of Columbia. Hanger v. J. F. Rowley Co., 54 App. D. C. 336, 298 F. 359.

Albert purchased back checks from The J. F. Rowley Company (at one time with help by the court) and used them in making legs throughout the contract period. When the contract ended he continued to make and sell legs with suspender and back check attachments of which the plaintiff company, now charging infringement of the patent, says: (a) Some were back checks he had purchased during the running of the contract and used after its termination in the offending way presently described; and (b) others were back checks he had caused to be manufactured in imitation of the back checks of the patent.

The plaintiff company urgently moved for, and the defendant vigorously resisted, a preliminary injunction. The plaintiff's insistence and the defendant's resistance were not unaffected by the fact that the patent will expire in June of this year. The court refused a preliminary injunction and the plaintiff, declining its offer of a prompt final hearing on the merits, took this appeal.

[1, 2] On the issue of infringement we shall not recite the testimony but shall merely state our fact findings and thereby show what the defendant did and how we regard his doings in reference to his liability to be preliminarily enjoined from continuing them.

(a) When the contract ended, Albert had in his possession eighteen back checks lawfully purchased from the plaintiff under the contract. At the hearing in this suit, more than a year after the ending of the contract,

he admitted having forty so acquired. This increase in the number of back checks in his possession after it had become impossible for him to purchase them from the plaintiff was accomplished by an adroit practice which Albert pursued, substantially as follows: He would go to a customer to whom he had sold a leg, represent that he had a new and better back check of his own make, persuade him to exchange the old one of the plaintiff's make for a new one, install the new one in the old leg, and, on returning to his place of business, install the old one in a new leg and sell it. By this endless chain he was able to keep supplied with old back checks for use in new legs and was always able to sell and resell the back checks thus lawfully purchased from the plaintiff during the contract. He justifies his action in this suit for infringement on a contention, based on the law of Morgan Envelope Co. v. Albany Perforated Wrapping Paper Co., 152 U. S. 425, 432, 14 S. Ct. 627, 38 L. Ed. 500, that when he bought and paid for the appliances they passed out of the monopoly of the patent and might be used and sold by him as he pleased and that the owner of the patent having once received his royalty upon the device cannot treat the subsequent seller or user as an infringer. There is no question about this law; the trouble is with its application to the facts. First, Albert did not (except occasionally) use the patented device to repair an old leg; he used it to construct a new leg. Next, his only right to use the device was that which he had acquired under the contract with the plaintiff. If a maimed customer had sold it to another, he, and his vendee, would, of course, come under the law of the Morgan Envelope Case and the plaintiff could not complain. But when Albert coaxed the device back and used it again in violation of his contract with the plaintiff company to purchase patented parts "exclusively" from it and use it in constructing a Rowley leg, he was in no better position than before he had sold it. At that time his possession and ownership of the parts were under the contract, which was a contract of license. The contract had ended and with it the license, and he could not make new Rowley legs under Rowley patents without infringing them. This is particularly true in the light of the consideration he engaged to give for the licensed use of the patented parts, which was not a mere purchase price of $1.50 apiece but in addition a royalty of ten per cent. of gross sales, not of parts, but of legs, and his right to sell Rowley legs had ended.

We are of opinion that Albert's practice was an artfully prepared plan to do indirectly what he could not lawfully do directly. Should it be stayed by a preliminary injunction?

The plaintiff charges, and it is not satisfactorily denied, that on this issue (and on the next) there was before the court at the preliminary hearing all the evidence that can be produced at the final hearing. In any event, the issue of fact was tried on oral testimony as well as on affidavits and the issue of law seemed fully and definitely argued.

[3, 4] Before granting a preliminary injunction courts must balance the benefit and the probable injury that might flow from it, with a caution, as we indicated in Rousso v. Barber (C. C. A.) 276 F. 552, 553, against the hazard of doing an injustice that cannot later be cured. Yet with the patent on the eve of expiring, it is evident that if the plaintiff, being entitled to injunctive relief, is ever to have it, it must have it now. Being entirely clear as to the plaintiff's right, we think the court should by its decree grant a preliminary injunction against any use by the defendant of the back checks purchased from the plaintiff except for lawful repair of legs he had sold when the contract was in force.

[5] (b) The plaintiff charges the defendant with further infringement in that, as it alleges, he caused to be manufactured by several concerns several metal parts which when assembled constitute the back checks of the patent and incorporated some of them in new legs and used others in effecting exchange for old back checks in the manner described. The defendant asserts that these newly manufactured devices were different from the device of the patent, and in any event they were used only in repair work. The learned trial judge was in doubt where the truth lay and on that doubt declined a preliminary injunction. Believing the difference in construction negligible and the difference in use nothing at all, and having found that some had been used to induce exchange and therefore were enough alike to justify substitution, we think the newly manufactured devices were so closely the equivalent of the patented device as to compel the granting of a preliminary injunction restraining their use except for lawful repair of legs the defendant had sold when the contract was in force.

The decree of the District Court is therefore reversed with directions that a preliminary injunction be granted and the case proceed to hearing and final decree on the merits.