**328**

**WYMAN et al. v. MONOLITH PORTLAND CEMENT CO. et al.**

No. 6229.

Circuit Court of Appeals, Ninth Circuit.

Oct. 27, 1930.

Rehearing Denied Nov. 24, 1930.

·E. B. Howell, of Los Angeles, Cal., for appellants.

W. B. Mathews, W. H. Wadsworth, Ray W. Bruce, Joseph F. Westall, and Ernest L. Wallace, all of Los Angeles, Cal., for appellees.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge.

This is an appeal from a decree dismissing a complaint in equity for infringement of letters patent. The facts as set forth in the complaint are substantially as follows. On July 15, 1920, one Olson, the patentee of a process for making cement and cement products, entered into an agreement with the appellants, in which it was mutually agreed that the parties thereto would, within six months, form a corporation, under the laws of the state of California, for the purpose of manufacturing and marketing cement under the patented process and any improvements thereon, and for the purpose of granting rights thereunder; that the name of the corporation, the amount of capital stock, its par value, the names of the officers and their salaries would be later agreed upon between the parties; that 50 per cent. of the stock of the corporation would be issued to Olson and 25 per cent. to each of the appellants; that the shares of stock would not be sold unless subsequently agreed to in writing by the parties, and subject to the requirements of the commissioner of corporations of the state of California; that the parties to the contract would act collectively as trustees of the corporation to be formed to decide all questions that might arise and conduct all business on behalf of the corporation; that the appellant Wyman would act as chairman of the trustees and manage the business until the corporation was formed; that Olson would grant to the corporation, when formed, an exclusive license to manufacture and sell cement under the letters patent and improvements thereon, coupled with the right to grant licenses to others on a royalty basis, and that, until the corporation was formed, the parties would have and hold in trust the rights under the letters patent, so that as such trustees they could collectively grant rights thereunder. In consideration thereof, the appellant Wyman agreed to install a plant within sixty days, or arrange with others so to do, for the ·purpose of manufacturing and marketing cement under the letters patent, or improvements thereon, and, on his failure so to do, it was provided that the agreement should terminate and all rights thereunder automatical·ly revert to Olson. It was further provided that, in the event the corporation was not formed, or should for any reason cease to exist, or should fail to actively promote the manufacture and sale of cement, or co-operate

with others in so doing, all rights under the letters patent and improvements thereon should automatically revert to Olson. Pursuant to this agreement, the parties, acting jointly, granted to the United States Potash Company, whose name was afterwards changed to Monolith Portland Cement Company, an exclusive license to manufacture and sell cement throughout that part of the United States west of the Mississippi River, together with the right to relicense others within that territory, subject to the terms of the agreement, and later an exclusive license was granted to the same corporation for the entire territory of the United States east of the Mississippi River, upon the same terms and conditions.

May 22, 1921, Olson addressed a letter to the appellant Wyman, stating that Wyman and the appellant Meiklejohn had fulfilled their agreement in the matter of the contract in question except as to the formation of the corporation, and agreed to extend the time for fulfilling that part of the agreement to November 1, 1921. The letter further stated that the writer did not deem incorporation necessary, but that the parties would need a working organization so that they could take joint action in case it became necessary to defend the validity of the patent, to sue for royalties, or any such matters as might arise. The writer further agreed to take the matter up upon his return to Los Angeles and decide as to the best manner of completing such permanent organization. The complaint further avers that upon the return of Olson a conference was had in which he refused to join in the formation of the corporation for the reason that such corporation would give the control thereof to the appellants instead of to Olson, and it was thereupon mutually agreed, by way of compromise and novation, that the partnership or joint ownership relation created by the agreement under which the parties had theretofore acted should continue in force as a permanent working organization, in lieu of the proposed corporation, and that the agreement as thus modified still continues in full force and effect.

The appellants are not the owners of the patent in suit and cannot maintain a suit for infringement unless they are grantees or assignees of the patent, in whole or in part, or unless they are grantees of an exclusive right under the patent within some specified territory. E. W. Bliss Co. v. United States, 253 U. S. 187, 40 S. Ct. 455, 64 L. Ed. 852; Kaiser v. General Phonograph Supply Co. (C. C.) 171 F. 432. In order to ascertain the rights of the appellants, then, we must look to the original contract between the parties, because their subsequent agreement simply continued the original contract in force in lieu of forming a corporation, and conferred no additional rights. What rights, then, were conferred by the original contract. The owner of the patent therein expressly agreed to grant to the corporation to be formed an exclusive license to manufacture and sell cement under the letters patent and to grant licenses to others on a royalty basis, but made no grant of any kind to the appellants individually. And, whatever rights they may have ex contractu, we agree with the court below that they have no such interest in the patent itself as will support a suit for infringement.

There was no error in granting the motion to dismiss, and the decree of dismissal is accordingly affirmed.