## STRINGFIELD v. WARNER BROS. PICTURES, Inc., et al.

District Court, S. D. New York.
April 14, 1943.

Cohen & Wedeen, of New York City (Nathan B. Fogelson, of New York City, of counsel), for complainant.

R. W. Perkins, of New York City (Joseph D. Karp, of New York City, of counsel; Theodore R. Kupferman, of New York City, on the brief), for defendant Warner Bros. Pictures, Inc.

HULBERT, District Judge.

This is a motion by the defendant Warner Brothers Pictures, Inc., to dismiss the amended complaint upon the ground that it fails to state facts sufficient to constitute a valid cause of action against the defendant, or, in the alternative, for a more definite statement or bill of particulars.

The amended complaint alleges that prior to April 1, 1929, the plaintiff originated, created, wrote, composed and arranged certain original musical compositions, among others, entitled "Sourwood Mountain", "John Henry" and "Wild Horse" and that said musical compositions, never having been printed or published, were deposited in the mail addressed to the Register of Copyrights, with a claim of copyright and one dollar in payment of the registration fee, but by whom and when they were so deposited, or if a certificate of copyright was ever issued, does not appear.

However, the amended complaint further alleges that, pursuant to an agreement dated May 9, 1929, the defendant, Carl Fischer, Inc., became and now is the proprietor of said musical arrangements which are the subject matter of this litigation, to-wit, "Sourwood Mountain" "John Henry", and "Wild Horse" and of all rights to print, publish, reprint, arrange, copy, perform, mechanically reproduce and vend same, or all copyrightable component parts thereof, subject to a contract to pay royalties to the complainant, and to use its best efforts to make such copyright profitable.

The amended complaint then proceeds to set forth that the defendant Carl Fisch-

er, Inc., published in book form the compositions or arrangements including the three songs above mentioned under the title "30 and I Folk Songs" and deposited with the Register of Copyrights the required number of copies thereof, and paid the fee therefor, and received a Certificate of Copyright Registration from the Register of Copyrights in or about October, 1929, in the name of Carl Fischer, Inc.

The defendant Carl Fischer, Inc., is referred to in paragraph 10 of the complaint as the copyright owner of said musical compositions which, plaintiff alleges, the defendant Warner Brothers Pictures, Inc., infringed in a motion picture film produced by them, entitled "Sergeant York."

Carl Fischer, Inc., is added as a party defendant "because it is the publisher of the music and the holder of the copyright, and refuses to institute suit for the infringement above mentioned."

Bascom L. Lunsford is alleged to have collaborated with the plaintiff in the production of said musical compositions and is named as a defendant because he "refuses to institute suit for the infringement above mentioned".

Max Steiner, who wrote the music for the motion picture, is also named as a defendant.

The facts in this case are very similar to those in the case of Kriger v. MacFadden Publications et al., D. C., 43 F. Supp. 170, in which my colleague, Judge Conger, dismissed the amended complaint.

His reasoning, which I adopt, impels me to pursue the same course in the case at bar. See also: Harold Lloyd Corp. v. Witwer, 9 Cir., 1933, 65 F.2d 1, certiorari dismissed, 1933, 296 U.S. 669, 54 S.Ct. 94, 78 L.Ed. 1504; American Law Book Co. v. Chamberlayne, 2 Cir., 1908, 165 F. 313; Green v. Le Clair, 7 Cir., 1928, 24 F.2d 74; Wyman v. Monolith Portland Cement Co., 9 Cir., 1930, 44 F.2d 328; Joseph Miele Const. Co. v. City of Niagara Falls, D.C.W.D.N.`  `., 1927, 21 F.Supp. 442.

The only reported case which counsel for the plaintiff has been able to find and submit as an authority is Wooster v. Crane & Co., 8 Cir., 147 F. 515, which the court does not consider to be applicable.

In view of the determination made, it is unnecessary to pass upon the contention

748

that Section 19 of the Copyright Act, 17 U.S.C.A. § 19, has not been complied with, or the motion for a bill of particulars. Settle order on notice.