## KRIGER v. MacFADDEN PUBLICATIONS, Inc., et al.

District Court, S. D. New York.

Nov. 27, 1941.

Mordecai Konowitz, of Jamaica, N. Y., for plaintiff.

Hays, St. John, Abramson & Schulman, of New York City (John Schulman and Milton Sargoy, both of New York City, of counsel), for defendant.

CONGER, District Judge.

Motion by defendant MacFadden Publications, Inc., to dismiss the amended complaint because it fails to state a claim against the defendant upon which relief can be granted.

The pertinent facts, as pleaded, are as follows: In the year 1935 plaintiff together with defendant Hillman and defendant Crosby wrote and composed an original song entitled "It's a Small World." On or about May 15, 1935, the three said writers and composers assigned their interests in said song to Famous Music Corporation. The first paragraph of this instrument is important in that it shows the character of the contract. It reads as follows: "Witnesseth: 1. The Writer(s) hereby sells, assigns, transfers and delivers to the publisher, its successors and assigns, a certain heretofore unpublished original musical composition, written and/or composed by the above named Writer(s) now entitled 'It's a Small World' including the title, words, and music thereof, and the right to secure copyright therein throughout the entire world, and to have and to hold the said copyright and all rights whatsoever nature thereunder existing." The instrument further provides for the payment of certain royalties to the assignors and contained the following clause (7), which is pertinent to the issue herein: "The Publisher agrees to publish in saleable form the said musical composition within one year from the date hereof. Should he fail so to do the Writer(s) shall have the right in writing to demand the return of said composition, whereupon the Publisher must within one (1) month after receipt of such notice either publish the said composition, in which event this agreement remains in full force and effect, or upon failure so to publish, all rights of any and every nature, and the right to secure copyright and/or any copyright secured by the Publisher before publication, in and to the said composition, shall revert to and become the property of the Writer(s) and shall be reassigned to him." On or about May 18, 1935, Famous Music Corporation applied for and received in its own name a certificate of copyright registration.

Apparently nothing further was done with the song and nothing further happened until on or about April, 1940. The complaint then alleges that on said date defendant MacFadden Publications, Inc., infringed said copyright by publishing and distributing for sale many thousand copies of the chorus of said song in its magazine "Radio and Television Mirror."

Famous Music Corporation never published the song and thereafter and on the 24th day of June, 1940, upon request of the plaintiff, assigned all its right, title and interest in said song to plaintiff. This was done pursuant to the above-quoted clause (7) of the original assignment of May, 1935. The plaintiff now sues for the alleged infringement of April, 1940. He names as defendants his co-authors because he alleges their interests are adverse to his and because they have refused to join as parties plaintiff.

Defendant MacFadden takes the position that since the alleged infringement took place while the legal title to the song was in Famous Music Corporation the plaintiff cannot bring suit herein, and that the subsequent release and quit-claim to the plaintiff from Famous Music Corporation does not place him in any better position.

Plaintiff bases his right to recover upon the theory that there was reserved to him in the agreement between the writers and Famous Music Corporation, and as between the co-authors themselves, a beneficial interest in the musical composition, the copyright to be obtained, and the proceeds

of any infringement recovery, and that he has an equitable interest therein; and that the Famous Music Corporation, while having the legal title to the musical composition, held the same in trust for the plaintiff and his co-authors.

In paragraph 5 of the complaint plaintiff alleges that Famous Music Corporation secured the copyright and all rights thereunder "for the benefit of the plaintiff and the defendants Bob Crosby and Roscoe Hillman, as provided in said agreement" (Agreement of May 15, 1935).

Plaintiff relies on the instrument of May 15, 1935. He pleads no other subsequent agreement, verbal or written. His contention must be spelled out from an interpretation of that document and also from the quit-claim and release of June 24, 1940.

█ I cannot hold with plaintiff in his theory. I cannot find anything but that Famous Music Corporation, after May 15, 1935, and up until June 24, 1940, was the absolute owner of the song in question; that it had the right to apply for copyright (which it did) in its own name. Nothing in the agreement, expressly or by implication, indicates that the copyright was to be obtained for the benefit of the plaintiff and his co-authors.

When the publication of the chorus of the song was made by defendant MacFadden, if it was an infringement, Famous Music Corporation then had a claim against MacFadden. It had a chose in action upon which it alone could sue. Had it sued, plaintiff would not have been a party. Had it recovered, it would have had to pay to this plaintiff and his associates only that which was due them under the contract, and that which they could get only from Famous Music Corporation.

The instrument of May 15, 1935, was a sale outright to the Famous Music Corporation of all rights in the song, in consideration for which Famous Music Corporation was to pay to plaintiff and his associates certain royalties. Such a contract is an absolute assignment resting in the Famous Music Corporation title to the copyright. In re Waterson, Berlin & Snyder Co., 2 Cir., 48 F.2d 704.

The next question that presents itself concerns the effect of the release and quit-claim (June 24, 1940) from Famous Music Corporation to plaintiff and his associates. This instrument released to them "all of the undersigned's (Famous Music Corporation) right, title and interest in and to the musical composition entitled 'It's a Small World' * * *."

█ There is nothing in this instrument which gives to the plaintiff or any of his co-authors the right to sue for past infringements. The words "right, title and interest" in an assignment have been construed by the courts not to carry with it the right to sue for past trespass or infringement. United States v. Loughrey, 172 U.S. 206, 19 S.Ct. 153, 43 L.Ed. 420; Moore v. Marsh, 7 Wall 515, 74 U.S. 515, 19 L. Ed. 37.

█ I have been unable to find any copyright cases where this precise point has been passed on, but I have in patent cases, and these cases may be well applied to the instant question. A mere assignment of a patent which does not also expressly assign the right to recover damages or profits arising from infringement of such patent occurring before such assignment does not transfer to the assignee the right to recover such damages or profits. Herman v. Detroit Shipbuilding Company, D. C., 295 F. 423, and cases therein cited. I see no reason for differences between a bare assignment of a patent and a copyright.

In the light of the above decisions, I can only conclude that the so-called release and quit-claim gave no right to the plaintiff or his co-authors to sue for infringement occurring prior to the date of the release and quit-claim assignment. I can only conclude that up to June 24, 1940, Famous Music Corporation had a chose in action against MacFadden for infringement upon which it alone could sue and which it did not assign.

In support of his theory of action, plaintiff cited many cases, which I have read with interest, but I find no help for him in them. Each of the cases can be distinguished by facts which make them non-applicable to the case at bar.

The cases do make one distinction, however, contra to the rule I have just enunciated. They seem to hold that if in this case Famous Music Corporation was included as a party, then the complaint would be good. Cf: Schellberg v. Empringham, D. C., 36 F.2d 991; Ted Browne Music Co. v. Fowler, 2 Cir., 290 F. 751.

I am reluctant to dismiss this complaint; and if there was an infringement on the date alleged in the complaint, in all justice,

it would appear as though this plaintiff should have some relief. However, reading the contract of May 15, 1935, in conjunction with the release and quit-claim assignment (June 24, 1940), I can only conclude that the cause of action which was brought into being by the alleged infringement belonged to the true owner of the song and the copyright, and that it never having expressly assigned it, it still belongs to it, or to someone to whom it expressly assigned it in the meantime.

In view of my holding herein it is not necessary for me to decide the other point raised by the defendant.

Motion granted. Settle order on notice.