Richard S. PRATHER, Plaintiff-Appellee,

v.

NEVA PAPERBACKS, INC., Playtime Books, Ltd., United Graphics, Inc., and Stanley R. Schrag, Defendants-Appellants.

No. 26458.

United States Court of Appeals Fifth Circuit.

April 29, 1969.

Lee Weissenborn, Weinstein, Weissenborn & Burr, Miami, Fla., for defendants-appellants.

Richard L. Horn, Allan Milledge, Milledge & Horn, Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and WISDOM and AINSWORTH, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This is a copyright infringement case prosecuted by the Plaintiff Author—Prather—against infringing Publishers—Neva Paperbacks, Inc., Playtime Books, Ltd., United Graphics, Inc., and Stanley R. Schrag. The infringing Publishers do not, indeed could not, appeal from the finding of infringement by the District Judge, as the plagiarism was flagrant. Instead, the Infringers claim that they were not sued by the right party. It is the Infringers' position that Fawcett Publications, Inc., the Plaintiff-Author's publisher and original copyright holder, must necessarily be joined as a plaintiff. We agree with the District Court that Prather has standing to sue without joinder and affirm.

Prather authored the following books: *Find This Woman, Strip for Murder, The Wailing Frail, Over Her Dead Body, Kill The Clown, Dig That Crazy Grave, Peddler, The Scrambled Yeggs,* and *Take*

*A Murder Darling*. Prather obtained a copyright on the *Peddler* and pursuant to a publishing agreement, Fawcett secured the copyright on the remaining books. How a Wailing Frail digging a Crazy Grave, or Killing the Clown could be transmuted into the allurement of *Hotel Hustler, Sex Fantasy, Sex Cult, or* for that matter, *Sex Trap* is not clear, but we are spared the travail of inquiry since the Infringers candidly confess their poaching in sex or sex-less part.

Subsequent to discovering the infringement, Prather secured from Fawcett, the copyright owner, a contract described as an assignment.[1] The District Court found that by virtue of this Agreement Prather became the copyright "proprietor" and thus he, and only he, had the right to prosecute the suit for infringement.

The Infringers raised the beguiling argument, based on the recognized copyright principle that a copyright may not be assigned in part, that by Part [3] of the contract Fawcett retained some portion of the copyright—the English language rights—and therefore the entire copyright assignment was ineffective leaving Prather, the attempted assignee, as a mere copyright licensee—a position without the status of a copyright proprietor and therefore one not entitled to sue for infringement.[2] We say beguiling, because for the most part, the argument is centered in the single word "simultaneously" which leads to all sorts of metaphysical dialectics.[3]

But we are neither beguiled nor persuaded. More than that, without getting into "the thicket"—much more, not getting lost in it—we find a simple, simple basis which avoids altogether the button game of "copyright, copyright who has the copyright?" a notion which mesmerized all until some penetrating questions on oral argument narrowed the case down to one of simple assignment of a chose in action.

Parts [1] and [2] of the agreement, as contemplated by the parties, is a complete and valid assignment of the accrued chose in action for infringement of the named book. Quite without regard to the impact of Part [3], the contract in Part [2] expressly assigns all accrued causes of action for infringement.

---

1. We have inserted brackets [1], [2], etc. for ease of reference.

   The contract provided:

   Fawcett [1] "hereby assigns, transfers, conveys and sets over unto Richard S. Prather (hereinafter 'the Author'), his heirs and assigns, all its right, title and interest in and to the copyright secured by it on the literary work entitled [individual book titles and copyright entry numbers were provided for each assignment]. [2] This assignment includes, without limiting the generality of the foregoing, the right to secure any and all renewals or extension thereof under the laws now or hereinafter in force in the United States, and any and all causes of action that may have heretofore accrued in Fawcett's favor for infringement of said copyright.

   "[3] Simultaneously, the Author hereby grants to Fawcett, its successors and assigns, an exclusive license to publish said work in the English language, in books, throughout the world, as specified in the memorandum of agreement between Fawcet Publications and Richard S. Prather."

Pertinent language of the Memoranda of Agreement (see [3]) reads as follows: "In consideration of and upon payment of the above sums the author agrees that the Publisher will become sole owner of all the English-language book rights to the above identified manuscripts * *. The author retains all rights to the manuscript except book publication rights and rights sufficient to enable the Publisher to copyright the book * *."

2. The Infringer presses these cases as to which there is really no controversy: Manning v. Miller Music Corp., S.D.N.Y., 1959, 174 F.Supp. 192; Goldwyn Pictures Corp. v. Howells Sales Co., 1 Cir., 1922, 282 F. 9; Eliot v. Geare-Marston, Inc., E.D.Pa., 1939, 30 F.Supp. 301, 305; Fitch v. Young, S.D.N.Y., 1916, 230 F. 743; and Nimmer, Copyrights, §§ 132, 119.31.

3. And not a little of figure mixing as Infringers' counsel talks in terms of the author trying to "have his cake and eat it too" and the hinted fear that "one"— perhaps even Judges—"could easily get lost 'in the thicket' of copyright law * * *."

Almost completely overlooked by all counsel is the effectiveness of an assignment of accrued causes of action for copyright infringement. All that is required is that the contract cover in no uncertain terms choses in action for past, prior, accrued damages. The leading decision on this point is Kriger v. MacFadden Publications, Inc., S.D.N.Y., 1941, 43 F.Supp. 170. In *Kriger* the publisher held title to the copyright when infringement took place. The publisher then assigned the copyright but not the accrued cause of action for infringement, to the author who brought suit. The Court said: "[The publisher] had a chose in action upon which he alone could sue * * *. There is nothing in this instrument which gives to the plaintiff or any of his co-authors the right to sue for past infringements. The words 'right, title and interest' in an assignment have been construed by the courts not to carry with it the right to sue for past trespass or infringement." 43 F.Supp. at 171–172.

Another case, in this Circuit, sounding the same note is DeSilva Construction Corp. v. Herrald, M.D.Fla., 1962, 213 F.Supp. 184, 192, quoting Ball, Copyright and Literary Property 543: "[A] mere assignment of a copyright does not of itself transfer to the assignee any cause of action for infringements that occurred prior to the assignment. Unless the assignment of copyright contains language explicitly transferring causes of action for prior infringements, the assignee cannot maintain a suit for infringements which happened before the effective date of the assignment."

Here, the parties to the agreement were clearly careful to be clear and are clearly correct. By express language the assignments cover the accrued causes of action for prior infringement. As an assignee of the causes of action for infringement damages, past, present and future, Prather has the right to maintain the action under 17 U.S.C.A. § 101 *et seq.* for infringement. There is no public policy against such assignments and under F.R.Civ.P. 17[4] such assignee of all choses in action for infringement, whether a "proprietor" or not, has standing to sue and the court has effective power to avoid altogether the risk of double suit or double recovery. See Manning, supra, 174 F.Supp. at 196. Cf. Urrutia Aviation Enterprises, Inc. v. B. B. Burson and Assoc., Inc., 5 Cir., 1969, 406 F.2d 769.

Attorneys' fees were allowed below and are allowed on this appeal.[5] They will be fixed by the District Court upon remand under this Court's mandate. Serbin, Inc. v. Key West Hand Print Fabrics, Inc., 5 Cir., 1967, 381 F.2d 735.

Affirmed and remanded.

---

4. "Rule 17: Parties Plaintiff and Defendant; Capacity (a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought * * *."
Cf. United States v. Aetna Cas. & Sur. Co., 1949, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, 12 A.L.R.2d 444; Bradbury v. Dennis, 10 Cir., 1966, 368 F.2d 905; Staggers v. Otto Gerdau Co., 2 Cir., 1966,

359 F.2d 292; 2 Barron & Holtzoff, Federal Practice and Procedure, § 482 at 15 n. 22, 18 n. 27 (1961 ed.).

5. As an epilogue we can not help but wonder why lawyers want to complicate things needlessly. An open and shut case of gross plagiarism is diverted by the failure to join Fawcett either voluntarily or involuntarily. To that may be added our dismay at a two volume record of 637 pages containing lurid, erotic perhaps interesting excerpts from the books, testimony, briefs, memoranda and pleadings wholly irrelevant to the narrow issue presented by the Infringers here.