Leslie Eugene **BUTTERFIELD**, Plaintiff,

v.

**Roger W. CRIST et al., Defendants.**

Robert Eugene **WYMAN**, Plaintiff,

v.

**Roger W. CRIST et al., Defendants.**

**Civ. A. Nos. 69–C–86, 69–C–87.**

United States District Court,
E. D. Wisconsin.

July 27, 1971.

Maurice J. McSweeney, Benn S. Di-Pasquale, Milwaukee, Wis., for plaintiffs.

Robert W. Warren, Atty. Gen., by Sverre O. Tinglum, Asst. Atty. Gen., Madison, Wis., for defendants.

REYNOLDS, Chief Judge.

## DECISION ON DEFENDANTS' MOTION FOR A JURY TRIAL

The defendants have moved for a trial by jury in these two actions brought by two inmates of the Wisconsin State Prison against certain employees of the prison for redress of certain alleged violations of their civil rights.

Plaintiffs originally named John C. Burke, Harvey Winans, and Edward Shaw as defendants. None of the parties within ten days of the original pleadings in each action requested a jury trial. Therefore a jury was waived. Rule 38(d), Federal Rules of Civil Procedure. On August 8, 1970, it was stipulated by the parties and ordered by the court that defendant John C. Burke be dismissed as a party defendant from both actions and that Roger W. Crist be joined as a defendant. An amended complaint was accordingly served and filed. Roger W. Crist, joined

**490**

by the two remaining defendants, thereupon requested a jury trial which is now opposed by the plaintiffs.

■ As I read the pleadings, in the legal world the defendant in these actions is Roger W. Crist and not the State of Wisconsin.* In light of the Eleventh Amendment, were this otherwise the propriety of this action would, of course, be open to serious doubt. I therefore find it difficult to accept plaintiffs' contention that under Rule 38(d) Mr. Crist has waived a jury, when Mr. Crist had no standing to request a jury when this action was initially commenced and when Mr. Crist as soon as he acquired proper standing did in fact make such a request. Accordingly, Rule 38(a) compels me to grant Mr. Crist's request.

■ As regards defendants Winans and Shaw, I agree with plaintiff that no new issues have been introduced by the amended complaint, and thus under Rule 38(d) their jury waiver still stands. However, I feel that given the virtually identical factual issues to be decided as between plaintiffs and defendant Crist and plaintiffs and defendants Winans and Shaw, and given the need for judicial efficiency, that in the exercise of discretion under Rule 39(b) their belated request should be granted. Cf. Christenson v. Diversified Builders Inc., 331 F.2d 992 (10th Cir. 1964); McKnight v. Mutual Broadcasting System, 14 F.R.D. 174 (S.D.N.Y.1953); Spiro v. Pennsylvania R. Co., 3 F.R.D. 351 (S.D. N.Y.1942).

It is therefore ordered that the requests of defendants Christ, Winans, and Shaw for a consolidated jury trial be and they hereby are granted.

* In the real world the State of Wisconsin defends its employees and pays any judgment which might be entered against them. § 14.53(12) and § 270.58, Wisconsin Statutes (1969).