**ED BRAWLEY, INC. and Professional Diving Instructor College, Plaintiffs,**

v.

**John GAFFNEY et al., Defendants.**

**No. C-74-2168 ACW.**

United States District Court, N. D. California.

Sept. 9, 1975.

Carl R. Brown, San Diego, Cal., Donald C. Feix, Owen, Wickersham & Erickson, San Francisco, Cal., for plaintiffs.

Elmer S. Albritton, Flehr, Hohbach, Test, Albritton & Herbert, Timothy A. Tosta, San Francisco, Cal., for defendants.

## ORDER GRANTING MOTION TO STRIKE JURY DEMAND AND DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

WOLLENBERG, District Judge.

This is an action for copyright infringement and unfair competition. Defendants move for judgment on the pleadings, Rule 12(c), Federal Rules of Civil Procedure, on the ground that Plaintiff lacks standing to sue on the alleged copyright or, in the alternative, for failure to join an indispensible party.

On January 4, 1971, Plaintiff Ed Brawley, Inc., (Brawley) entered into an agreement entitled "Copyright Assignment in Senior Diver Course Material", whereby Gaff Productions, Inc., (Gaff) purported to assign to Brawley all of Gaff's "right, title and interest" in its copyright of certain written instructional materials used to teach diving. Plaintiff relies on this assignment as the basis for its right to sue for infringements of the copyright. In their motion Defendants claim that under the purported assignment agreement Gaff retained certain rights in the copyright and that the agreement is really a license which requires that Gaff be joined as a plaintiff in any suit brought for infringement of the copyright. 2 Nimmer on Copyright § 119.31 (1974).

■ Defendants are correct on the law. It has been held repeatedly and consistently that a non-exclusive licensee may not bring an action on a copyright infringement unless the licensor, the proprietor, of the copyright is joined as a plaintiff. *Nathan v. Monthly Review Press, Inc.*, 309 F.Supp. 130 (S.D.N.Y. 1969); *Kinelow Publishing Company v. Photography in Business, Inc.*, 270 F. Supp. 851 (S.D.N.Y.1967); 2 Nimmer on Copyright § 132 at 581 n. 92 (1974), and cases cited therein. The question here is whether the written agreement under which Plaintiff claims an assignment of the copyright is in fact an assignment or merely a license.

■ Two provisions of the agreement require discussion. Paragraph (c) reserves to Gaff, the transferor, "all causes of action for copyright infringement which may have already accrued up to the date of this assignment". This provision cannot prevent the transfer from constituting an assignment. Unless the transfer agreement expressly provides otherwise, the right to proceed on infringements which occurred before the transfer belongs to the transferor. *DeSilva Construction Corp. v. Herrald*, 213 F.Supp. 184, 192–93 (M.D.Fla. 1962); *Kriger v. MacFadden Publications, Inc.*, 43 F.Supp. 170, 171–72 (S. D.N.Y.1941); 2 Nimmer on Copyright § 132 at 579–80 (1974).

Paragraph (d) of the agreement reserves to Gaff the right to republish the copyrighted materials under the copyright of Ed Brawley, Inc., provided Brawley has given permission for the republication. The agreement provides that such permission is not to be "unreasonably withheld". Defendants argue that since the agreement reserves to the transferor of the copyright the right to use the copyrighted material, the transferor has retained rights which render the transfer a license rather than an assignment. This set of facts falls somewhere between those in *First Financial Marketing Services Group, Inc. v. Field Promotions, Inc.*, 286 F.Supp. 295 (S.D.N.Y.1968) (relied upon by Defendants), and those in *Prather v. Neva Paperbacks*, 410 F.2d 698 (5th Cir. 1969) (relied upon by Plaintiff).

In the *First Financial* case, the plaintiff brought an action on the alleged infringement of a copyright on a form applicants for credit use to rate their own qualifications for credit. The plaintiff obtained its rights under the copyright through a purported assignment which reserved to the transferor the right to use the form in the state of Ohio. The court applied the doctrine of indivisibility of copyrights and held that since rights under the copyright were retained by the transferor, the transfer was a license instead of an assignment. In any suit for infringement of the copyright the transferor, who remained the proprietor, was therefore required to be joined as a plaintiff.

In the *Prather* case, the proprietor of the copyright assigned its entire interest in the copyright and simultaneously, in the same document, retained a license to publish the copyrighted material in the English language. The Court of Appeals for the Fifth Circuit held that the portion of the transfer agreement conveying to the plaintiff all causes of action which accrued before the transfer was a valid assignment of choses in action and is not affected by whether the transfer taken as a whole is a license or an assignment. In short, the *Prather* case is no help to Plaintiff here because the Fifth Circuit avoided the question raised by the present case.

■ The opinion of this Court is that the agreement between Gaff and Brawley is a valid assignment of Gaff's interests with a right reserved to Gaff to be licensed under the same terms that Brawley would otherwise license persons applying to publish under the copyright. No purpose would be served by joining Gaff in this lawsuit, and, of course, any infringements alleged to have occurred before January 4, 1971, could not here be considered. While the agreement appears to reserve in Gaff the right to use the copyright, a provision which was fatal to the plaintiff in the *First Financial* case, the reservation is conditioned on the business judgment Brawley would exercise in the event of any request for a license and, thus, is not a retention of such rights that would defeat the attempted assignment of the copyright.[1]

---

1. Paragraph (d) of the agreement provides:
   (d) and said Assignor [Gaff] having the right henceforth to publish and republish the material in the SENIOR DIVER COURSE under the copyright of Ed Brawley, Inc., after requesting permission of Ed Brawley, Inc., said permission shall not be unreasonably withheld by Ed Brawley, Inc. to the Assignor,

   Read literally, this paragraph is ambiguous as to what rights are transferred to Brawley and what rights are retained. It is proper, however, to interpret the agreement so that if possible it has a commercially feasible meaning and is not rendered meaningless. *Cf.* California Civil Code Section 1644.

Since only the holder of a proprietary interest in the copyright has standing to sue for infringement, 2 NIMMER ON COPYRIGHT § 119.31 at 517 (1974), the question is whether under the transfer agreement Gaff reserved to itself such an interest. While there appears to be no definitive statement of what constitutes a "proprietor" of a copyright, a review of the cases suggests that the proprietor is the person who controls, at least initially, the disposition of the "bundle of rights" which make up a copyright. *See* 2 NIMMER ON COPYRIGHT § 119.1 at 510 (1974). In the *First Financial* case, *supra*, the transferor attempted to retain the right to determine the conditions of

Accordingly, the motion for judgment on the pleadings will be denied.

 Defendants' motion to strike the demand for a jury trial is well taken. The right to a jury trial was waived when not timely made and was not revived by the filing of an amended complaint which did not significantly alter the claim. 5 MOORE'S FEDERAL PRACTICE ¶ 38.41 at 328.4 to 328.5 (2d ed. 1974). While the amended complaint adds a new Plaintiff which did not have an opportunity to make a jury demand under the original complaint,[2] the new Plaintiff's claim asserts rights under the original Plaintiff's copyright, and its claim is therefore also a reassertion of the claims in the original complaint. Accordingly, the motion to strike the jury demand will be granted.

the use of the copyright in question in the state of Ohio. Under these circumstances the attempted assignment was deemed a license. The language of Paragraph (d) of the transfer agreement in the present case reserves in the transferor no similar control over the use of the copyright. Accordingly,

Gaff retains no proprietary interest in the copyright, and the agreement creates an assignment rather than a license.

2. *Butterfield v. Crist*, 52 F.R.D. 489, 490 (E.D.Wis.1971).