ORDER
 

 McDONALD, District Judge.
 

 Came on to be heard plaintiff’s Motion to Amend “for the purpose of expanding and developing his allegations of discrimination and to somewhat modify the extent of damages alleged.” Defendant, opposes both the addition of Atlantic Richfield Company as a defendant in the cáse and plaintiff’s request for a jury. For reasons stated below the Court GRANTS in part and DENIES in part plaintiff’s Motion to Amend.
 

 Plaintiff’s original complaint named “Arco Chemical Corporation, a division of Atlantic Richfield Company” as defendant. Defendant answered the complaint as “defendant, Arco Chemical Company, a division of Atlantic Richfield Company ■ (“Arco Chemical”) improperly designated in plaintiff’s complaint as Arco Chemical Corporation, a division of Atlantic Richfield Company.” Plaintiff’s Amended Complaint names as defendant “Atlantic Richfield Company doing business under several names believed to be assumed names, to wit ARCO, Arco Chemical Corporation and Arco Chemical Company, a division of Atlantic Rich-field Company” and further states that plaintiff “believes that all are one and the same legal entity, who has answered and appeared herein. Thus no additional service of process is required nor (sic) requested.” Defendant Arco Chemical Company opposes the Motion to Amend on the ground that the addition of ARCO would prejudice Atlantic Richfield. It denies that ARCO operates under the assumed names of Arco Chemical Corporation or Arco Chemical Company and asserts that Atlantic Rich-field Company is a separate and distinct operation from its division, Arco Chemical Company, that the two operate as separate employers for labor relations purposes and that Arco Chemical Company was the employer of plaintiff. Defendant does not argue that Atlantic Richfield did not have timely notice of plaintiff’s claim or that the
 
 *1270
 
 addition of Atlantic Richfield Company does not relate back to the time of filing of the original suit under Rule 15(c) of the Federal Rules of Civil Procedure. Its claim of prejudice is not based on lack of notice.
 

 Plaintiff seeks to amend the name of defendant on the basis of a misnomer. He does not rely on Rule 21 of the Federal Rules of Civil Procedure for the addition of parties but includes the different names for the defendant among the other changes in its Amended Complaint. 6 Wright & Miller,
 
 Federal Practice and Procedure: Civil,
 
 § 1498, at 513-514 (1971) states
 

 when an amendment merely involves correcting a misnomer and does not entail the actual “changing” of the parties, it should be allowed as a matter of course as long as it satisfies the standard in the first sentence of Rule 15(c) and without regard to the specific requirements of the second section of the subdivision. Thus when plaintiff seeks to correct the name or description of a defendant the amendment will relate back provided the proper defendant was served and the party before the court is the one plaintiff intended to sue.
 

 Wright & Miller further cites
 
 Brittian v. Belk Gallant Co.,
 
 301 F.Supp. 478-79 (D.Ga. 1969) which states that, “the determinative factor is that the complaint was served upon the proper party” and that the added party “had notice of and has been involved in this suit from the beginning.” The decisions which do not allow the addition of a party are based on lack of timely service of process or notice to the added defendant and therefore clearly, have no application in the instant case. Moreover, although defendant Arco Chemical Company contends the addition of Atlantic Richfield Company will prejudice that defendant, the Court finds no advantage to plaintiff over defendant by the amendment; the discovery burden will fall on both plaintiff and Atlantic Richfield equally. Therefore, the Court GRANTS plaintiff’s Motion to Amend to change the name of the defendant.
 

 Plaintiff requests a jury trial of his claim. Under Rule 38(b) of the Federal Rules of Civil Procedure the demand for a jury trial of an issue must be made “not later than ten days after the service of the last pleading directed to such issue.” Rule 38(d) provides that failure to make a demand as required by the rule constitutes a waiver of the right to trial by jury. Rule 39(b) provides that “notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.”
 

 The Court of Appeals for the Fifth Circuit held in
 
 Guajardo v. Estelle,
 
 580 F.2d 748, 753 (5th Cir. 1978) that “[ajmendments not introducing new issues will not give rise to a demand for a jury trial.” And that “[t]he term ‘new issues’ has been interpreted to mean new issues of fact and not new theories of recovery.” It relied on
 
 Connecticut General Life Insurance Co. v. Bresland,
 
 332 F.2d 928, 931-932 (5th Cir. 1964) which held that an amended answer which added affirmative allegations did not. raise any issue which was in any material way different from those presented in the original answer. This Court notes that the district court in
 
 Brawley, Inc. v. Gaffney,
 
 399 F.Supp. 115, 118 (N.D.Cal.1975) held that “[t]he right to a jury was waived when not timely made and was not revived by the filing of an amended complaint which did not significantly alter the claim.” This was true although the amendment added a new plaintiff which would not have had the opportunity of making a jury demand under the original complaint, because the new plaintiff merely reasserted rights alleged in the original complaint.
 

 Because the asserted purpose in plaintiff’s motion to amend is to expand and develop his allegations of discrimination, the amendment does not raise any new issues. The identity of the defendant might conceivably be an issue which the jury would have to decide. However, plaintiff’s reason for adding Atlantic Richfield Company is that it is in fact the same entity as Arco Chemical Company which plaintiff sued in his original complaint by the wrong
 
 *1271
 
 name. Plaintiff, moreover, has given the Court no authority for the Court’s granting of a request for a jury at this time. If the identity of defendant were in fact an issue in this case it would be a mixed question of law and fact and therefore “ ‘not readily susceptible of jury determination,’ ” and plaintiff’s “ ‘oversight’ or ‘inadvertence’ does not suffice to invoke the discretion of the court under Rule 39.”
 
 Jackson v. Airways Parking Co.,
 
 297 F.Supp. 1366, 1384 (N.D.Ga.1969) citing 5 Moore’s,
 
 Federal Practice
 
 ¶ 39.09 at 717 and 719 (2d Ed. 1968). The Court concludes that plaintiff has not complied with the requirements of Rule 38. His Motion to Amend to request a jury is, therefore, DENIED.