45 F.3d 439
 1995 Copr.L.Dec. P 27,354
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BIG TREE ENTERPRISES, LTD.; Hamstein Music Company; Ram's
Horn Music, EMI April Music, Inc.; and Ian Hunter
Music, Inc., Plaintiffs-Appellees,
v.
Richard C. MABREY, Defendant-Appellant.
 No. 94-3145.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On September 19 and 20, 1992, several classic rock tunes copyrighted by the Plaintiffs were performed publicly at ET'S, an establishment owned and operated by the defendant, Mr. Richard Mabrey. The Plaintiffs subsequently brought this action for copyright infringement. The district court granted Plaintiffs' motion for summary judgment, and Mr. Mabrey appeals.
 
 
 3
 The only element of copyright infringement disputed by the parties concerns the existence (or lack thereof) of a licensing agreement between Mr. Mabrey and ASCAP. During 1990 and early 1991, Mr. Mabrey had negotiated with ASCAP for an appropriate license. These negotiations failed to produce a written licensing agreement. Nonetheless, despite the fact that he had yet to pay any licensing fees to ASCAP and in the face of letters from ASCAP threatening legal action, Mr. Mabrey believed that he had concluded an oral licensing agreement with ASCAP. Mr. Mabrey believed that this license had commenced in 1991 and would continue until terminated by either of the parties.
 
 
 4
 The district court, after a thorough examination of Kansas law, found that no "meeting of the minds" had occurred between Mr. Mabrey and the representatives of ASCAP and that, consequently, no binding oral agreement had been formed. We do not disagree with this conclusion; however, we affirm the district court on its alternative finding that no reasonable trier of fact could have concluded that a licensing agreement existed in 1992 (the date of the infringing performances) even had an agreement existed in 1991. Mr. Mabrey admits that the alleged 1991 agreement allowed either party to terminate the license upon notice at any time prior to thirty days before the end of the licensing period. Aplt. Brief at 38. The record indicates that ASCAP wrote Mr. Mabrey no fewer than three times during 1991 to inform him that ASCAP believed him to be unlicensed, that the terms offered him during negotiations were no longer available, and that he faced legal action unless he executed a licensing agreement. We note, moreover, that at no time did Mr. Mabrey proffer the licensing fees called for by the alleged agreement. We therefore agree with the district court that no reasonable trier of fact could have concluded that a hypothetical 1991 agreement continued into 1992. The existence of the 1991 license is thus irrelevant to the issue of infringement.
 
 
 5
 Mr. Mabrey next contends that the district court improperly disposed of this case on summary judgment. Mr. Mabrey cites an impressive array of authority admonishing courts to grant summary judgment in copyright cases rarely, if at all. Mr. Mabrey also points to allegedly conflicting testimony regarding the existence of the 1991 agreement. We are not swayed. The only disputed issue lies in the realm of contract, not copyright, law. The hypothetical existence of the 1991 oral license does not control the outcome of this action.
 
 
 6
 Lastly, Mr. Mabrey contests the amount of damages awarded by the district court. For reasons that are not entirely clear to us, Mr. Mabrey argues that the district court erred in finding that his conduct was "willful." The district court, however, made no such finding, nor was such a finding necessary to support the award of damages under 17 U.S.C. 504(c)(1). An election under 504(c)(1) allows a plaintiff to recover up to $20,000 per infringement in the absence of willful behavior. The district court awarded these Plaintiffs $1,000 per infringement, an amount well below the statutory maximum and easily within the broad discretion accorded the district court in assessing statutory copyright damages.
 
 
 7
 Plaintiffs herein request attorneys' fees under 17 U.S.C. 505. The district court found that an award of fees would serve to make Plaintiffs whole and to deter future violation of the Copyright Act. We agree and see no reason not to award attorneys' fees upon appeal. See Prather v. Neva Paperbacks, Inc., 410 F.2d 698, 700 (5th Cir.1969). We therefore remand to the district court with instructions to determine reasonable attorneys' fees to be awarded Plaintiffs for the preparation of this appeal.
 
 
 8
 We AFFIRM the grant of summary judgment. We REMAND to the district court for a determination of reasonable attorneys' fees.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470