REVISED DECEMBER 12, 2002

**UNITED STATES COURT OF APPEALS**
**For the Fifth Judicial Circuit**

No.02-10391
Summary Calendar

JOHN D. TAYLOR; STEVE K. TAYLOR; RAY GENE SMITH,

Plaintiffs-Appellants,

VERSUS

IBM; IBM GLOBAL SERVICES; CASH CARDS INTERNATIONAL
IBM PARTNER; AMERICAN TELEPHONE AND TELEGRAPH COMPANY,
Owner of IBM Global Services; CASH X PREPAID; PAXELL
PREPAID CASH CARDS & GIFT CARDS; VALUE CASH CARDS (SVM)
STORED VALUE MARKETING; CONOCO PREPAID CASH CARDS; CITGO
PREPAID CASH CARDS; EXXON DRIVER CASH CARDS; AMOCO BP
PREPAID CASH CARDS; 76 PREPAID CASH CARDS; ARCO PUMP
PASS CASH CARDS; MOBIL GO PREPAID CASH CARDS; SHELL
PREPAID CASH CARDS; WESTERN UNION; METAVANTE PREPAID
CASH CARDS; MASTERCARD PREPAID CASH CARDS; AMERICAN
EXPRESS, Cobalt cash cards; PRENET CORPORATION PREPAID
CASH CARDS; SPRINT, Cash Cards; ADAVANCE; INTERNET CASH
CORPORATION; BIZPURSE-SURICH TECHNOLOGIES; AT&T
CORPORATION; VISA CORPORATE, The Associates, Product
Development

Defendants-Appellees,

INT MEDIA GROUP INC; CHRISTINA GRIESINGER

Movants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas

(USDC No. 7:01-CV-216-R)

December 10, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John D. Taylor, Steve K. Taylor, and Ray Gene Smith appeal the district court's dismissal of their copyright infringement action for failure to state a claim.[**]  See FED. R. CIV. P. 12(b)(6). Appellants contend that the appellees have infringed their copyright by making, promoting, and issuing "pre paid cash cards." Appellants point to several pages of text for which they obtained a registered copyright.  The text describes their idea of prepaid cash cards and explains how to promote, distribute, and sell prepaid cash cards.

Appellants failed to allege specific acts of infringement by each defendant, thereby failing to adhere to the requirements of Fed. R. Civ. P. 8(a).  See Plunket v. Doyle, 2001 Copyright L. Dec. (CCH) ¶ 28,237, 2001 WL 175252 at *4 (S.D.N.Y. 2001).  They have also failed to show that any allegedly copied text was copyrightable.  The Copyright Act does not protect fragmentary words or short phrases, such as "pre paid cash cards."  37 C.F.R. § 202.1(a)(2001); see CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc., 97 F.3d 1504, 1519-20 (1st Cir. 1996).  Moreover,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**]The complaint contained patent infringement claims as well as copyright infringement claims.  However, appellants are not appealing the dismissal of their patent infringement claims.

where all that has been copied is plaintiffs' idea, there is no copyright infringement. See e.g., Kepner-Tregoe, Inc. v. Leadership Software, Inc., 12 F.3d 527, 533-34 (5th Cir. 1994); Engineering Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1344 (5th Cir. 1994), opinion supplemented by, 46 F.3d 408 (1995); Cont'l Cas. Co. v. Beardsley, 253 F.2d 702, 705-06 (2d Cir. 1958). To the extent plaintiffs' copyright claims are based on defendants' alleged use of parts of their copyrighted textual description, those claims are insufficient as a matter of law because use of that description was only incidental to defendants' alleged use of the idea of prepaid cash cards and because the allegedly copyrighted expression is inseparable from the idea for prepaid cash cards. See Cont'l Cas. Co., 253 F.2d at 706; Morrissey v. Procter & Gamble Co., 379 F.2d 675, 678-79 (1st Cir. 1967); Kepner-Tregoe, Inc., 12 F.3d at 533.

Because plaintiffs failed to plead an actionable claim, there were no questions of fact for a jury to decide. Thus, plaintiffs' Seventh Amendment rights were not violated. See Baltimore & Carolina Line v. Redman, 295 U.S. 654, 657 (1935); Hoshman v. Esso Std. Oil Co., 263 F.2d 499, 502 (5th Cir. 1959). Appellants argue that the district court judge, Jerry Buchmeyer, had a conflict of interest, and they request a hearing on the issue. However, the basis of the alleged conflict of interest, i.e., Judge Buchmeyer's prior partnership in Thompson & Knight, a firm which represents one of the defendants herein, is insufficient to justify

3

Judge Buchmeyer's disqualification.  See e.g., Chitimacha Tribe of La. v. Harry L. Laws Co., Inc., 690 F.2d 1157, 1167 & n.5 (5th Cir. 1982); see also, Bumpus v. Uniroyal Tire Co., 385 F. Supp. 711, 713-14 (E.D. Pa. 1974).

In light of the time and money expended by appellees in defending this wholly frivolous lawsuit, appellants are hereby ordered to pay to this court the sum of $500.  See Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir. 1986); Prather v. Neva Paperbacks, Inc., 410 F.2d 698, 700 (5th Cir. 1969).

Appellants' motion for appointment of counsel is DENIED. Appellants' motion seeking statutory damages on the basis that the appellees have not made a settlement offer is DENIED.  Appellees' motion for leave to file record excerpts in excess of the page limitation is GRANTED; but their motion to strike appellants' motion for statutory damages is DENIED.  Appellants' motion to strike appellees' record excerpts is DENIED.

APPEAL DISMISSED; SANCTIONS ORDERED.