Nancey SILVERS, Plaintiff–Appellee,

v.

SONY PICTURES ENTERTAINMENT, INC., Defendant–Appellant.

No. 01–56069.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2002.

Filed June 3, 2003.

George P. Schiavelli, Michael L. Eidel, Benjamin G. Shatz, Crosby, Heafey, Roach & May, Los Angeles, CA, for the appellant.

Steven Glaser, Marvin Gelfand, Francis Ryu, Gelfand Rappaport & Glaser, LLP, Los Angeles, CA, for the appellee.

Before HUG, BRUNETTI and O'SCANNLAIN, Circuit Judges.

BRUNETTI, Circuit Judge.

Appellant Sony Pictures Entertainment, Inc. ("Sony") makes an interlocutory appeal challenging the district court's ruling that an accrued cause of action for copyright infringement may be assigned to a third party, thereby granting the assignee the right to sue for the infringement violation. We affirm the district court's ruling.

## BACKGROUND

In 1991, Appellee Nancey Silvers, a writer and producer of television movies, began writing a script about the relationship between a mother, who discovers she

has cancer, and her ex-husband's new wife, who will raise the mother's children when the mother dies. In 1995, the script was made into a CBS movie called "The Other Woman." Silvers completed the script as a work-for-hire for Frank and Bob Films II, aka Von Zerneck/Sertner Films, who owns the copyright to the movie.

In 1998, Sony released the motion picture "Stepmom," a film starring Julia Roberts, Susan Sarandon and Ed Harris. After the release of "Stepmom," Von Zerneck/Sertner Films and Frank and Bob Films II executed an "Assignment of Claims and Causes of Action" selling, transferring and assigning to Nancey Silvers "all right, title and interest in and to any claims and causes of action against Sony Pictures Entertainment, Inc., Columbia Tri–Star and any other appropriate persons or entities with respect to the screenplay 'The Other Woman' ... and the motion picture 'Stepmom.'" The assignors retained ownership of all other rights under the copyright. Subsequently, on June 13, 2000, Nancey Silvers filed a complaint against Sony for copyright infringement and unfair competition alleging that "Stepmom" was similar to a script she had written for a 1995 television movie, "The Other Woman." Silvers' claims that the creation, production and release of "Stepmom" to the "general public in numerous venues and formats" infringed on the copyright of "The Other Woman."

On July 10, 2000, Sony filed a Motion to Dismiss pursuant to Rule 12(b). Sony claimed that Silvers lacked standing to bring the copyright infringement suit. On January 25, 2001, the district court entered an order denying Sony's motion to dismiss. On March 5, 2001, Sony filed a Notice of Motion and Motion for Certification of Order For Interlocutory Appeal. On March 29, 2001, the district court granted Sony's motion. The issue is before us on interlocutory appeal.

## STANDARD OF REVIEW

We review the district court's conclusions of law de novo. *United States v. Orr Water Ditch Co.,* 256 F.3d 935, 945 (9th Cir.2001), *cert. denied,* 535 U.S. 1096, 122 S.Ct. 2291, 152 L.Ed.2d 1050 (2002).

## DISCUSSION

■ The question of law presented to us is whether an accrued cause of action for copyright infringement may be assigned to a third party, without any other copyright rights accompanying the assignment. While other circuits have addressed similar questions, no court has squarely resolved this issue. While we have previously held that the creator of a work for hire (Silvers) does not retain a beneficial interest under which the creator may sue for copyright infringement unless there is "an express contractual provision to the contrary" (*Warren v. Fox Family Worldwide Inc.,* 328 F.3d 1136, 1144–45 (9th Cir. 2003)), we have not previously resolved whether a legal or beneficial owner of a copyright may transfer the right to accrued causes of action for copyright infringement to the creator (Silvers) or any other third party. The authority closest on point is *Prather v. Neva Paperbacks, Inc.,* 410 F.2d 698 (5th Cir.1969). We agree with the rationale of *Prather* and find that an accrued cause of action for copyright infringement may be assigned to a third party. The language of 17 U.S.C. § 501(b) is consistent with *Prather* and its adoption after *Prather* is consistent with and does not change the holding of *Prather* regarding copyright assignments. *See Moran v. London Records, Ltd.,* 827 F.2d 180, 183 (7th Cir.1987) (Congress codified pre-existing case law that had developed under the 1909 Copyright Act into the standing provisions of § 501(b)).

In *Prather,* the author's publisher assigned both the copyright to the author's

works and the accrued causes of action related to the author's works to the plaintiff-author. When the plaintiff-author sued the defendant-publisher for copyright infringement, the defendant-publisher claimed that the plaintiff-author did not have standing to sue. The Fifth Circuit decided differently, holding that the assignor clearly transferred the right to sue to the plaintiff-author. The court further found that the case involved a "simple assignment of a chose in action." *Prather*, 410 F.2d at 699. The assignment was valid because the contract specified in clear, precise terms that the assignor transferred the past, prior accrued choses in action to the assignee. *Id.* at 700. The court found that such an assignment was not against public policy. *Id.*

■ Nimmer on Copyright supports this interpretation of *Prather.* Nimmer agrees that an "assignee of an accrued infringement cause of action has standing to sue without the need to join his assignor, even if the latter retains ownership of all other rights under the copyright." 3 Nimmer on Copyright § 12.02[B] at 12–54 and n. 27 (2000). Simply stated, the accrued causes of action may be assigned without transferring any other copyright right to the assignee.

In the "Assignment of Claims and Causes of Action" signed by representatives of Frank and Bob Films II, Silvers was given **"all right, title, and interest in and to any claims and causes of action** against Sony Pictures Entertainment Inc. ... with respect to the screenplay 'The Other Woman' ... and the motion picture 'Stepmom'" (emphasis added). In no uncertain terms, the copyright owner Frank and Bob Films II, by an assignment executed after the release of the alleged infringing work "Stepmom," transferred any accrued causes of action related to the two films to Silvers. The all-inclusive language of the assignment precisely and clearly

specified what rights Silvers obtained. This was a "simple assignment of a chose in action." *Prather*, 410 F.2d at 699.

Appellant Sony urges us to adopt the rationale of *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27 (2d Cir.1982). This case, however, does not support Sony's position. Eden Toys was granted an exclusive license to use the licensor Paddington's copyright and characters, and Paddington retained the right to sue for any copyright infringement on Eden Toys' license. *Id.* Eden Toys was granted the right to sue for infringement only if Paddington refrained from instituting legal action against the infringer. *Id.* The pertinent language of the license reads as follows:

9. Infringement

(a) In the event that Eden or its licensees shall be exposed to competition, direct or indirect, from infringers of the copyright or trademark rights which are licensed hereunder ... Paddington shall, at its option, take all necessary legal action to enjoin such infringement and protect Eden and its licensees.

(b) In the event of such infringement and Paddington's election to take no legal action ... Eden shall have the right, at its option:

(i) to institute appropriate legal action against the infringer ...

*Id.* at 30 n. 2. Citing the agreement between Paddington and Eden Toys, the Second Circuit asserted that:

Eden apparently believed that a third basis for standing under the Copyright Act existed, namely authorization by the copyright holder of suit by a person *other* than an exclusive licensee. Clause 9 of the 1975 Eden/Paddington agreement ... contemplates such an arrangement. We do not believe that the Copyright Act permits holders of rights

under copyrights to choose third parties to bring suits on their behalf.

*Id.* at 32 n. 3. The court based its conclusion on the specifics in the Paddington–Eden Toys agreement related to the prospective causes of action for infringement that could have arisen after the agreement. *Id.* at 30 n. 3. *Eden Toys* can be distinguished from the present case because it is not clear that Paddington granted Eden Toys any right to sue on accrued causes of action. The agreement referred to future causes of action with the license, allowing Eden Toys to sue on future infringements only if Paddington failed to bring legal action against an infringer. No accrued causes of action for infringement were assigned.

■ We disagree with *Eden Toys* to the extent that it suggests that 17 U.S.C. § 501(b) permits *only* the legal or beneficial owner of a copyright to bring an action for copyright infringement. Section § 501(b) states, in part:

> The legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it.

17 U.S.C.A. § 501(b) (West 1996). In a footnote, the Second Circuit suggests that 17 U.S.C. § 501(b) clearly limits those who have standing to bring a copyright infringement suit to an owner of an exclusive right under copyright. *Eden Toys,* 697 F.2d at 32 n. 3. We do not agree that § 501(b) makes such a limitation. Nothing in the language of § 501 specifies or suggests that the legal or the beneficial owners are the exclusive plaintiffs in copyright infringement cases. Section 501 merely states that these two classes are *entitled* to institute infringement actions. 17 U.S.C.A. § 501(b). The word "entitle" means "to grant a legal right to or to qualify for." *Blacks Law Dictionary* 553

(7th ed. 1999). According to the language of the statute the legal or beneficial owner of an *exclusive right* under copyright has the legal right to institute an action for infringement of *that right* while he or she is the owner of it. The language in § 501(b) which allows the legal or beneficial owner to sue for an infringement "while he or she is the owner of it" indicates that the right accrues. Nothing in the statute prohibits the legal or beneficial owner of the exclusive right under copyright from assigning an accrued cause of action for infringement of that right. Such an assignment is like assignment of any other chose in action under contract theory. Nothing in the language of the statute prohibits or restricts an assignee of an accrued infringement cause of action from bringing a copyright infringement action. Sony claims that Congress did not intend for the right to sue to be a separate right of copyright because it was not included as a divisible right in 17 U.S.C. § 106. We do not believe § 106 presents an exclusive list of all the rights of a copyright owner. The Congressional Report with regard to the adoption of § 106 states that:

> [t]he five fundamental rights that the bill gives to copyright owners—the exclusive rights of reproduction, adaptation, publication, performance and display—are stated generally in section 106. These exclusive rights, which comprise the so called "bundle of rights" that is a copyright, are cumulative and may overlap in some cases. Each of the five enumerated rights may be subdivided indefinitely and ... in connection with section 201, each subdivision of an *exclusive right may be owned and enforced separately.*

H.R. Rep. No. 94–1476, 1976 WL 14045, pt. 1, at 61, 1976 U.S.C.C.A.N. 5659, 5674 (1976) (emphasis added).

17 U.S.C. § 201(d) provides in part that:

(1) [t]he ownership of a copyright may be transferred in *whole or in part* by any means of conveyance or by operation of law....

(2) [a]ny of the exclusive rights comprised in a copyright, including any subdivision of any of the rights specified by section 106, *may be transferred as provided by clause (1) and owned separately.* The owner of any particular exclusive right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner by this title. (Emphasis added.)

17 U.S.C.A. § 201(d) (West 1996). The copyright owners have separated from their "bundle of rights" all of the accrued causes of action and litigation rights against Sony regarding "The Other Woman" and "Stepmom" and explicitly assigned them to Silvers.

■ Sony also argues that an assignment of accrued causes of action should be void for public policy because it subjects defendants to the risk of multiple litigation. Sony's contention lacks merit. Sony fails to cite, nor have we found, any case to support this assertion. In fact, the Fifth Circuit actually found that an express assignment, obtained after the infringement occurred, of causes of action "that may have heretofore accrued" for copyright infringement were not against public policy. *Prather*, 410 F.2d at 699 n. 1, 700. The court cited Federal Rule of Civil Procedure 17, in support of the proposition that assignees of choses in action, whether or not the owner, may bring lawsuits for copyright infringement. *Id.* Furthermore, the Fifth Circuit declared that the court has the power to avert multiple suits. *Id.* We agree with this reasoning and nothing in the language of § 501(b) changes these principles set forth in *Prather*. The copyright owners here have transferred all their accrued causes of action for infringement regarding these particular films and there is no risk of Sony being subjected to multiple lawsuits.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court, finding that accrued causes of action for copyright infringement may be assigned.

AFFIRMED.