**Jorge BORREGO, Plaintiff–Appellant,**

v.

**BMG U.S. LATIN, form unknown; BMG Entertainment, form unknown; BMG Music, form unknown; BMG Distribution; BMG Music International Service, form unknown; RCA/Ariola International, form unknown; Chayanne, an individual, Defendants—Appellees.**

No. 03–55430.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 18, 2003.*

Decided April 5, 2004.

Jorge Borrego, Montebello, CA, pro se.

Russell J. Frackman, Esq., Mitchell Silberberg et al, LLP, Los Angeles, CA, for Defendants–Appellees.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Jorge Borrego, the author of the song "Brujeria," appeals pro se the district court's summary judgment dismissing his action based on the 1999 re-release by one of the defendants, BMG U.S. Latin,[1] of the "Sangre Latina" album which mistakenly attributed "Brujeria" to another songwri-

ter. Borrego alleged claims for violation of the Lanham Act and copyright infringement and California state law claims. We review the grant of summary judgment de novo, *see United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003), and may affirm on any ground supported by the record. *See Simo v. Union of Needletrades,* 322 F.3d 602, 610 (9th Cir.), *cert. denied,* — U.S. —, 124 S.Ct. 224, 157 L.Ed.2d 134 (2003).

We affirm the grant of summary judgment against Borrego's Lanham Act claim. Under *Dastar v. Twentieth Century Fox,* 539 U.S. 23, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003), Borrego no longer has a claim for "reverse passing off."

While Borrego had standing to bring the copyright claim under this court's recent decision in *Silvers v. Sony Pictures Entertainment, Inc.,* 330 F.3d 1204, 1205 (9th Cir.2003), we affirm the grant of summary judgment. Defendants had a defense to Borrego's claim because they obtained a license from and paid royalties to the Cartagena Publishing, Inc., the owner of the copyright, before Cartagena assigned its interest in the copyright claim to Borrego. *See Worldwide Church of God v. Philadelphia Church of God,* 227 F.3d 1110, 1114 (9th Cir.2000); *see also Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir.1993) ("In the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment.").

Because damages are an element of each of Borrego's six independent state law claims and he failed to offer competent evidence of damages, we affirm the grant of summary judgment against his claims

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. BMG Music, does business under the names BMG U.S. Latin, BMG Entertainment, BMG Distribution, BMG Music International Services and RCA/Ariola International.

for violation of California Business and Professions Code § 17200, breach of contract, breach of the covenant of good faith and fair dealing, intentional and negligent misrepresentation, intentional and negligent interference with economic relations, and negligent infliction of emotional distress. *See Weinberg v. Whatcom County,* 241 F.3d 746, 751 (9th Cir.2001). Detrimental reliance, conspiracy and accounting are not independent claims. *See Lim v. The,TV Corp. International,* 99 Cal. App.4th 684, 694, 121 Cal.Rptr.2d 333 (2002); *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 28 Cal. Rptr.2d 475, 869 P.2d 454, 457 (Cal.1994); *Hillman v. Stults,* 263 Cal.App.2d 848, 876, 70 Cal.Rptr. 295 (1968).

The judgment of the district court is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.